IN THE COURT OF APPEALS,
FOURTH DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

==================== 2016 OCT 26 PM 12: 38

No. 04-16-00624-CR

========================

*Keith E. Hott*

In re JUAN ENRIQUEZ, Relator

========================
Original Mandamus Proceeding from Karnes County, Texas
81st Judicial District, No. 3862-G, Ex Parte Juan Enriquez
Honorable Donna S. Rayes, Presiding
==============================

## SUPPLEMENT TO RELATOR'S REPLY TO RESPONDENT'S RESPONSE TO ORIGINAL PETITION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGES OF THE FOURTH COURT OF APPEALS:

Juan Enriquez, Relator, files his Supplement to his Relator's Reply to State's Response to Petition for Mandamus, showing the Court as follows:

### I. REASON FOR SUPPLEMENT

Relator, this date, October 20, 2016, received the State's Response. The State misrepresents the historical facts, the claim raised, and ignores the controlling law. These matters need to be corrected.

### II. STATE MISREPRESENTS "PLEADED FACTS" AS "ALLEGED CLAIMS"

The State misrepresents that Relator claims he is "currently incarcerated without trial or conviction." State's Response, at 3.

Relator is not making claims but presenting historical facts that he is imprisoned in the State penitentiary without

trial or conviction because his 1966 death penalty judgment is void and the governor's proclamation on which he is imprisoned is not a court judgment.

Relator claims that because as a matter of fact he is held in prison without a judgment, he is entitled as a pretrial detainee to be removed from prison to the county jail and then to a determination whether he is entitled to retrial or to release.

### III. STATE MISREPRESENTS "NO JUDGMENT" CLAIM AS AN "INVALID SENTENCE" CLAIM

The State misrepresents Relator's "no judgment claim" as a claim "that he is not validly sentenced" to argue that the claim has been previously presented when in fact the no judgment claim could not be made until 2013 when the Court of Criminal Appeals (CCA) accepted the holdings from the United States Court of Appeals for the Fifth Circuit (Fifth Circuit) that the governor is not a state court and his proclamation is not a court judgment." Hartfield v. Thaler, 403 S.W.3d 234 (Tex.Cr.App. 2013).

### IV. STATE MISREPRESENTS CLAIM PREVIOUSLY REFUSED FOUR TIMES

The State misrepresents that Relator's claim "has been heard and refused on four separate occasions:

> Thus, ENRIQUEZ'S continued argument that he is not validly sentenced has been heard and refuted on four separate occasions, by Judge Rayes on November 4, 2009, by the Texas Court of Criminal Appeals in both the Whan and Stanley decisions cited above, and by the Fourth Court itself in cause number 04-10-00071-CR. It is res judicata, yet ENRIQUEZ continues to file instrument after instrument seeking relief under those very same theories of law. There is no need for Judge Rayes, nor any other valid jurisdiction to hear this argument.

State's Response, at 5.

The State's assertion is not true. The 2009 action was a nunc pro tunc proceeding that did not involve either the validity of the conviction or of the commutation. The trial court explained it did not have jurisdiction to do anything but to correct clerical errors and thus was limited to pronounce the life sentence proclaimed by the governor.

On appeal, this Court held that "[b]ecause the trial court granted a nunc pro tunc that modified the judgment previously entered, the nunc pro tunc entry was erroneous." This Court vacated the 2009 sentence and reinstated the 1966 death penalty judgment subject to the governor's 1972 proclamation. This Court noted it was not necessary to pronounce sentence after commutation, citing Whan v. State, 485 S.W.2d 275 (Tex.Cr.App. 1972) and Stanley v. State, 490 S.W.2d 828 (Tex.Cr.App. 1972).

Whan and Stanley involved bifurcated trials where the error was penalty error. These cases had a valid non-death penalty conviction from which the governor could commute the offending death penalty. Relator's trial involves a one-stage trial where a non-death penalty judgment does not exist.

Relator's case involves a conviction erased because it was rendered under statutes adjudged unconstitutional and a void verdict because it is based on an unauthorized sentence, namely, the death penalty, which error renders the verdict void at its inception. The law on this issue is in the habeas application and is also found in the Advisory presented to the CCA on July 25, 2016, attached hereto.

The no judgemnt error could not be raised prior to the Hartfield decision because all previous efforts to challenge the Relator's detention were treated by the trial court as a post-conviction challenge which the trial court did not have jurisdiction to hear as a successive application and which the CCA did not address in the Hartfield case or in this case since there was no conviction. Hartfield, supra, at 240.

Indeed, in the case at bar, the trial court treated the habeas application as a post-conviction application. The CCA, as in Hartfield, undertook its own review of the application and determined the Court did not have authority to act without a conviction and returned the application and related documents for processsing as a pretrial application which by definition the CCA determined Relator is a pretrial detainee as it did Hartfield.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Relator prays that his petition for writ of mandamus be granted and that the Court orders the Respondent to set Relator's 11.08 habeas application for hearing, to appoint counsel, to determine whether Relator is entitled to release, and, if not, to set the indictment for trial within 30 days from receipt of the Court's order.

Respectfully submitted,

Juan Enriquez
227122
TDCJ-Michael
2664 FM 2054
Tennessee Colony, TX 75886

## Verification

I, Juan Enriquez, declare under penalty of perjury, that the statement in the foregoing supplement are true and correct. Executed on October 20, 2016.

Juan Enriquez

## Certificate of Service

I, Juan Enriquez, certify that a correct copy of the foregoing supplement was served by placing same in the United States mail, postage prepaid, on October 20, 2016, addressed to Rene Pena, District Attorney, 1327 3rd Street, Floresville, Texas 78114 and to Honorable Donna S. Rayes, Judge, 81st District Court, 1 Courthouse Circle Drive, Suite 206, Jourdanton, Texas 78026.

Juan Enriquez

No. 2330-19

Trial Court No. 3862, 81st District Court

Ex parte JUAN ENRIQUEZ

APPLICANT'S ADVISORY TO THE COURT THAT THE UNDERLYING 11.08, V.A.C.C.P., APPLICANT WAS IMPROPERLY DESIGNATED BY THE DISTRICT CLERK AS AN 11.07, V.A.C.C.P., APPLICATION

TO THE HONORABLE JUDGES OF SAID COURT:

Juan Enriquez, Defendant in State of Texas v. Juan Enriquez, No. 3862, 81st District Court, Karnes County, herein files this Advisory:

1. informing the Court that there is no judgment or sentence in No. 3862;

2. informing the Court that the sole bases of Defendant's detention is a null commutation order;

3. informing the Court that Attorney L. Aron Pena, 600 South Closner, Edinburg, Texas, filed the underlying habeas application under Article 11.08, V.A.C.C.P., as instructed by this Court in <u>Hartfield</u> v. <u>Thaler</u>, 304 S.W.3d 234 (Tex.Cr.App. 2013), as the proper vehicle to challenge detention without judgment or sentence; and

4. informing the Court that the district clerk's decision to recast an attorney filed and clearly identified 11.08 application as an 11.07 application is an ultra virus action that ignores and defies the <u>Hartfield</u> decisions.

## I.

The manner how the district clerk processed the 11.08 application is questionable.

First, Rule 73.2 of the Rules of Appellate Procedure requires that "[t]he clerk of the convicting court will not file an application that is not on the form prescribed by the Court of Criminal Appeals, and will return the application to the person who filed it, with a copy of the official form." The district clerk, had she felt the 11.08 application was an 11.07 application, should have returned the application to Attorney Pena whereupon counsel could have taken steps to have the application processed as an 11.08 preconviction application.

Second, if the district clerk felt the 11.08 application was an 11.07 application, the application should have been forwarded to this Court within 35 days after it was filed. Instead, the district clerk waited 6 months to forward the application to this Court.

The district clerk's action of forwarding Defendant's 11.08 application to this Court as an 11.07 application is beyond her authority and does not in any way impact Defendant's right to challenge his detention without judgment under the statute this Court specifically explained was the only proper way to challenge such detention.

## II.

The Defendant has been detained in prison for nearly 14 years without judgment or sentence. Prison officials revealed this in 2005 when on October 18, 2005, they filed TDCJ Commitment Inquiry information that "[t]he Director does not have a copy of the judgment and sentence documenting Enriquez's holding conviction in cause number 3862.") Enriquez v. Director, No. 6:05-cv-00289 (E.QTex 2005). Defendant's Exhibit A.

The reason prison officials do not have a judgment or sentence is that no valid judgment of first degree murder has ever been entered against Defendant by the trial court and no life sentence has ever been assessed against him by the

trial court. At November 4, 2009, nunc pro tunc proceedings Defendant established that no judgment or sentence has ever been entered against Defendant other than the death penalty judgment returned against Defendant on October 19, 1966.

The October 19, 1966, judgment, however, was nullified on June 29, 1972, when the United States Supreme Court in Furman v. Georgia, 408 U.S. 238 (1972), "... declared Texas' procedure in the assessment of death unconstitutional." Attorney General of Texas (A.G.) Opinion No. M-1187, at 5, August 1, 1972. The Furman holding required a new trial or release for 34 men then under sentence of death. Ocker v. State, 477 S.W.2d 288 (Tex. Cr. App. 1972). The Attorney General of Texas opined that "absent commutation, the court concerned must either grant a new trial (or in habeas corpus, order the release of the prisoner if a new trial is not granted)". A.G. Opinion M-1187, at 5.

## III.

On August 31, 1972, the governor issued Proclamation No. 72-3662, wherein he purported to commute the death sentence assessed on Defendant by jury on October 19, 1966, to a life sentence. It is this commutation order which prison officials are using to detain Defendant based on a 1983 policy instituted by prison officials to detain prisoners for whom they did not have a judgment or sentence on a commutation order without regard to the validity or

invalidity of that order. This policy came to light in the case of Jerry Hartfield, a man detained in prison solely on a "commuted life sentence" for 30 years after his conviction was reversed. Hartfield v. Quartman, 603 F. Supp. 2d 943 (S.D. Tex, 2009).

The Hartfield court held that "[t]he governor is not a state court and his proclamation is not a court judgment." Hartfield, supra, at 951. The court found that Hartfield was not in custody pursuant to the judgment of a state court and his petition under 28 U.S.C., Section 2254 was actually a pre-conviction petition under 28 U.S.C., Section 2241. The Eastern District agreed. Hartfield v. Director, 2012 U.S. Dist. Lexis 462292 (E.D. Tex, 2011). The United States Court of Appeals for the Fifth Circuit (Fifth Circuit) affirmed. Hartfield v. Thaler, 699 F.3d 394, 405 (5th Cir. 2012),

On November 28, 2012, finding no controlling state precedent, the Fifth Circuit withdrew its affirmance and certified the following question to the Court of Criminal Appeals: "What was the status of the judgment of conviction after these events [the issuance of the mandate and the commutation of the sentence,] occurred?" Hartfield v. Thaler, 498 Apdx 440, 445 (5th Cir. 2012).

The Court of Criminal Appeals rejected the State's argument against review of the commutation or the underlying conviction, and concluded that "[b]ecause some penalty must be assessed

for the authority of commutation to be exercised and Petitioner's death sentence was erased by our mandate, the Governor's proclamation of commutation was a nullity. The status of the judgment of conviction is that petitioner is under no conviction or sentence." Hartfield v. Thaler, 403 S.W.3d 234, 240 (Tex. Cr. App. 2013). The Fifth Circuit again affirmed the federal district court's order. Hartfield v. Stephens, 536 Fed. Appx 455, 456 (5th Ci. 2013).

## IV.

This Court has authorized the governor to commute infirm sentences where the error is to penalty. Furman error is penalty error only in bifurcated trial cases because in such trials the defendant is found guilty of murder at the guilt/innocence phase of the trial without regard to the death penalty which comes into play only at the sentencing phase of the trial.

Defendant was tried in a one-stage trial in 1966, a full year before the bifurcated trial law. Furman error in this case was statutory error because Defendant was tried and convicted of the death penalty under the statutes adjudged unconstitutional in Furman. Furman error in this case was also verdict error because the 1966 capital felony judgment is based upon a jury verdict which by law is void at its inception as it assesses as punishment the death penalty, a void sentence. Bogany v. State, 661 SW2d 957 959 (Tex. Cr. App. 1983); Smith v. State, 479 S.W.2d 680, 681 (Tex. Cr. App. 1972).

Attached as Exhibit B is a copy of Defendant's 1966 death penalty judgment verifying Defendant was not tried in bifurcated proceedings. The death penalty is part of the judgment verdict to convict Defendant of capital murder as a penalty less than would have acquitted Defendant of capital murder and convicted him of "not capital murder" or "murder without malice", depending on the sentence.

The <u>Furman</u> decision erased the one-stage trial forced on Defendant when the State announced it would seek the death penalty. It also erased the conviction and sentence obtained under the constitutionally infirm statutes of that time. Because on August 31, 1972, there was no longer a death sentence to commute, the governor's order had no effect. The commutation order is a legal nullity. <u>Hartfield</u> v. <u>thaler</u>, 403 S.W. 3d 234, 239-40 (Tex. Cr. App. 2013).

Also, the governor's proclamation is a nullity because it purports to commute a jury verdict void at its inception as the law did not authorize punishment of death under the statutes of that time [<u>Furman</u>], and the governor cannot modify that which is void. <u>Ex parte</u> <u>Spaulding</u> 687 S.W. 2d 741, 743 (Tex. Cr. App. 1985).

## V.

Defendant's 11.08 Application filed on his behalf by Attorney L. Aron Pena pleads that Defendant is detained

in the state penitentiary without judgment or sentence and solely on a governor's proclamation based on the policy uncovered in Hartfield v. Thaler, supra. This claim is supported by prison records admitting prison officials do not have a copy of a judgment or sentence documenting Defendant's holding conviction in No. 3862. These assertions state a claim which entitle Defendant to relief.

Defendant's 11.08 application also pleads that unlike bifurcated trials where the death penalty comes into play only at the sentencing phase, he was tried in a one-stage trial where he was actually found guilty of capital murder under the statutes adjudged unconstitutional in Furman and that the death penalty is part of the judgment verdict finding him guilty of capital murder. This claim is supported by the 1966 judgment reflecting the death penalty judgment verdict. These assertions state a claim which entitle Defendant to relief on the grounds the commutation order is a nullity that did not divest Defendant of his right to retrial or release.

## VI.

The district clerk did not have discretion in light of the holding in Hartfield v. Thaler, supra, to process Defendant's 11.08 Application under the requirements and constraints of Article 11.07, V.A.C.C.P. Defendant's pending 11.08 application remains viable and subject to processing as required by Article 11.08, supra, and the mandates of this Court in Hartfield v. Thaler, supra.

WHEREFORE, PREMISES CONSIDERED, Defendant moves the Court to strike No. 2330-19 and to remand the record to the trial court with directions to set Defendants 11.08 application for hearing at an early a date as possible as required by law.

Respectfully Submitted,

JUAN Enriquez
227122
The J. Michael
2664 FM 2054
Tennessee Colony, TX 75886

Certificate of Service

I, Juan Enriquez, certify that a correct copy of the above Advisory was served by placing same in the United States mail, postage prepaid, on July 18, 2016, addressed to Rene Pena, District Attorney, 1327 3rd Street, Floresville, TX 78114, And to State Prosecuting Attorney, P.O. Box 12405, Austin, TX 78711

JUAN Enriquez